O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMORY SMITH,<br><br>Plaintiff,<br>v.<br><br>KNIGHT PORT SERVICES LLC et al,<br><br>Defendants. | Case No.: 2:25-cv-10797-MEMF-PD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR STAY [DKT. NOS. 27, 28]** |

Before the Court is Defendants Knight Port Services, LLC and Knight Transportation, Inc.'s Motion to Dismiss or Stay. Dkt. Nos. 27, 28 ("Motion"). For the reasons stated herein, the Court **DENIES** dismissal but **GRANTS** a stay.

/ / /

## I. Background

### A. Factual Allegations[1]

Plaintiff Emory Smith was an hourly-paid or non-exempt employee for Defendants Knight Port Services, LLC and Knight Transportation, Inc. (collectively, "Defendants") from approximately January 2023 to July 2023. Dkt. No. 1-1 ("Compl.") ¶¶ 24-25. During his employment with Defendants, Defendants failed to compensate him and other class members for all hours worked and missed meal periods and/or rest breaks. *Id.* ¶ 26.

Due to certain policies, practices or procedures, Smith and other class members suffered various California Labor Code ("Labor Code") and Business and Professions Code violations. *See generally id.* In particular, Defendants failed to pay Smith and other class members for all of the hours they worked, including minimum wage and overtime wages; failed to provide Smith and other class members uninterrupted meal and rest periods; failed to timely pay Smiths and other class members all final wages upon separation from employment; and failed to furnish accurate, itemized wage statements. *Id.*

### B. Procedural History

i. Related Proceedings

*1. Martinez*

On July 8, 2020, Raul Martinez filed suit in San Bernardino County Superior Court against Knight Transportation, Inc. *Raul Martinez and Philippe Vieux v. Knight Transportation, Inc.*, Case No. 5-21-cv-00572-MEMF (SPx), Dkt. No. 1-1. The Complaint alleged: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to timely pay all earned wages; (4) unlawful deduction of wages; (5) failure to provide meal periods; (6) failure to permit rest breaks; (7) failure to provide accurate itemized wage statements; (8) failure to reimburse necessary business expenses; (9) failure to pay all wages due upon separation of employment; and (10) violation of Business and Professions Code Section 17200 *et seq. Id.* Martinez's proposed class consists of all current and

---

[1] The following factual background is derived from the allegations in Smith's Complaint, Dkt. No. 1-1 ("Compl."), except where otherwise indicated. The Court makes no finding on the truth of these allegations and includes them only as background.

former California drivers employed by the *Martinez* Defendants from April 6, 2016, to entry of judgment. *Id.* ¶ 20.

The *Martinez* Defendants removed the action to this Court on September 9, 2025. *Id.*; Dkt. No. 1. The case is currently at the summary judgment stage. *Id.*; Dkt. No. 94.

*2. Hamilton*

On November 2, 2021, Bennie Hamilton filed suit in this district against Kold Trans, LLC, Knight Transportation, Inc., Knight Refrigerated, LLC, and Knight Swift Transportation Holdings Inc. *Bennie Hamilton, et al. v. Kold Trans, LLC et al*, Case No. 5:21-cv-01859-MEMF-SP, Dkt. No. 1. The Fourth Amended Complaint, filed on May 25, 2023, alleged: (1) failure to reimburse business expenses; (2) unlawful wage deductions; (3) failure to provide accurate itemized wage statements; (4) wages not paid upon separation; (5) unpaid wages; (6) failure to pay wages; (7) failure to maintain records; (8) violation of Business and Professions Code § 17200, *et seq.*; and (9) PAGA penalties. *Id.*, Dkt. No. 74. Hamilton seeks to represent all former and current Drivers employed by Knight Transportation and Knight Port Services within the State of California since November 2, 2017. *Id.* ¶ 33.

The case is currently at the class certification stage where the putative class has been certified. *Id.*; Dkt. No. 164.

*3. Lindsey*

On July 8, 2020, Karnette Lindsey filed suit in San Bernardino County Superior Court against Knight Transportation, Inc. *Karnette Lindsey v. Knight Transportation Inc*. et al, Case No. 5:25-cv-00328-MEMF-SP, Dkt. No. 1-1. The Complaint alleged the following class claims: (1) failure to pay minimum wage; (2) failure to reimburse business expenses; (3) failure to pay wages; (4) failure to pay wages due upon termination; (5) failure to provide accurate itemized wage statements; (6) unlawful deduction of wages; (7) violation of Business and Professions Code § 17200, *et seq.*; and (8) PAGA penalties. *Id.* Lindsey seeks to represent each individual employed by Defendant Knight Transportation as a Commercial Driver in California at any time since December 5, 2020. *Id.*

The case was remanded to the San Bernardino County Superior Court, *id.*; Dkt. No. 30, and the Court denied Defendant's Motion to Stay the Remand Order, *id.*; Dkt. No. 42.

ii. Present Action

Smith filed suit in Los Angeles County Superior Court on August 6, 2025. *See* Dkt. No. 1-1. Smith brought ten claims under California law: (1) failure to pay overtime wages; (2) failure to provide uninterrupted meal periods; (3) failure to authorize and permit rest breaks; (4) failure to pay minimum wages; (5) failure to timely pay final wages; (6) failure to timely pay wages during employment; (7) failure to provide accurate itemized wages statements; (8) failure to keep requisite payroll records; (9) failure to reimburse business expenses; and (10) unfair business practices. *See generally* Compl. Smith seeks to represent all current and former California non-exempt employees who worked for Defendants in California at any time since August 6, 2021, with a Subclass A for just commercial drivers. *Id.* Defendants removed the action to this Court on November 10, 2025, under the jurisdiction of the Class Action Fairness Act ("CAFA"). *See* Dkt. No. 1 ("NOR").

Defendants filed the instant Motion on February 6, 2026. Motion. Smith filed an Opposition on February 20, 2026, to which was appended with a Declaration from Andrew Katon. Dkt. Nos. 30 ("Opposition"), 30-1 ("Katon Decl."). Defendants filed a Reply on March 12, 2026.[2] Dkt. No. 33 ("Reply").

The Court held a hearing on the matter on April 9, 2026.[3]

## II. Applicable Law

### A. First to File Rule

The "first to file rule" allows "a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."

---

[2] Under Local Rule 7-12, "[a] Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." The Court's Civil Standing Order orders the parties that "all Motions must be filed in accordance with the following modified briefing schedule . . . . Reply: Must be filed no later than seven (7) days after the Opposition." Civil Standing Order § VIII.B. Here, Defendants filed their Reply twenty (20) days after Smith's Opposition. Although Smith has failed to comply with the Court's Orders, the Court will not deny Defendants' Motion on this basis. The parties are admonished that future failures to comply with Court Orders may result in the Court declining to consider the parties' briefing.

[3] Although the assigned District Judge presided over the hearing, the undersigned judge has reviewed the oral argument and finds further oral argument unnecessary.

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The rule "serves the purpose of promoting efficiency . . . and should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). Regardless, the "'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95.

There are three considerations a court should make before applying the first to file rule: (1) the chronology of the lawsuits, (2) the similarity of the parties, and (3) the similarity of the issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "Under [the] rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

**B. Inherent Authority**

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* "The exertion of this power calls for the exercise of a sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A district must "weigh competing interests and maintain an even balance," taking into account the hardship or inequities to the parties and whether a stay of the action will complicate or simplify the issues, proof, and questions of law. *Id.* (citing *Landis*, 299 U.S. at 254-55).

### C. *Colorado River* Doctrine

A district court may, in "exceptional circumstances," stay proceedings where there are parallel state and federal actions pending. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The following factors are considered under the *Colorado River* doctrine:

> "(1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; and (7) whether exercising jurisdiction would promote forum shopping."

*Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002).

## III. <u>Discussion</u>

Defendants bring the Motion contending that: (1) the first to file rule is satisfied; (2) the Court should use its inherent authority to stay the action; (3) and the action should be stayed pursuant to the *Colorado River* doctrine. *See generally* Motion. For the reasons stated below, the Court finds that dismissal is inappropriate but a stay is warranted.[4]

### A. The First to File Rule Does Not Warrant Dismissal But Warrants a Stay.

Defendants argue that this action is "totally subsumed" by the *Martinez*, *Hamilton*, and *Lindsey* actions. Motion at 13. In particular, Defendants maintain that *Martinez*, *Hamilton*, and *Lindsey*—all filed prior to this action and at more advanced litigation stages—completely cover Smith's claims and theories on the case. *Id.* at 10-11, 13. Smith responds that the first to file rule does not apply because this action, *Martinez*, and *Hamilton* are before the *same* court—this Court—and the *Lindsey* action is currently in state—not federal—court. Opposition at 5-6.

As an initial matter, the fact that the prior actions are before this Court does not automatically render the first to file rule inapplicable. The first to file rule exists to "serve[] the purpose of

---

[4] As an initial matter, Smith states that Defendants "did not make any effort to meet and confer" prior to filing the Motion—in violation of Local Rule 7-3. Opposition at 1. In response, Defendants argue that the parties did meet "in connection with [Smith's] Motion to Remand," Dkt. No. 15, and Smith does not "claim any prejudice from any alleged" failure to comply with Rule 7-3. Reply at 4. Under Local Rule 7-3, a party filing "any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. Normally, the undersigned judge requires strict adherence to this local rule and would deny this Motion for lack of compliance. Because the parties have already awaited a decision in this matter for several months and because Smith asserts no prejudice from lack of compliance or denial on those grounds, however, the undersigned judge departs from his standard practice and considers the Motion on its merits. Nevertheless, the parties are admonished that future failures to comply with Court Orders may result in the Court denying their motion outright.

promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). It would contravene the purpose of the first to file rule to suggest that numerous cases before the *same* court involving substantially similar parties and issues would not be subject to the rule as judicial efficiency would promote the dismissal or staying of the related cases. *Id.*; *see Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (holding that the first to file "the doctrine is intended to be a flexible mechanism to achieve 'wise judicial administration,' providing district courts with 'an ample degree of discretion' when managing their dockets" (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952))). District courts, in exercising their ample degree of discretion, have applied the first to file rule when two cases are filed in the *same* district. *See e.g.*, *Gatlin v. United Parcel Serv., Inc.*, No. 2:18-cv-03135-SVW, 2018 WL 10161198, at *4 (C.D. Cal. Aug. 23, 2018). As such, the Court finds the limitation advanced by Smith unavailing. Opposition at 3-4.

Here, the *Martinez* action, filed five years prior to this action, asserts the same causes of action as Smith except for the failure to maintain records. *Id.*; Reply at 5-6; *see also Martinez*, Case No. 5-21-cv-00572-MEMF (SPx), Dkt. No. 1-1. And *Hamilton* claims a failure to maintain records. *Hamilton*, Case No. 5:21-cv-01859-MEMF-SP, Dkt. No. 74. Although *Martinez*, *Hamilton*, and *Lindsey*, on their own, do not involve identical claims to Smith's suit, the first to file rule has been applied where the issues raised by two different cases are *substantially similar*. *Kohn*, 787 F.3d at 1240.

In considering the factors set forth by *Kohn Law Grp., Inc.*, the Court finds that the first to file rule applies to the instant action. First, *Martinez*, *Hamilton*, and *Lindsey* all preceded Smith's suit. *Id.* Second, the parties involved are substantially similar.

Smith disagrees, stating that (1) Smith is not a class representative in any of the other actions; (2) Knight Port Services is not named in *Lindsey*; and (3) this action names six other defendants — Swift Transportation Co. of Arizona, LLC, Barr-Nunn Transportation LLC, Abilene Motor Express, LLC, Midnite Express, Inc., Knight Refrigerated, LLC, and Kold Transportation. Opposition at 7. But each action seeks to bring suits on behalf of California resident truck drivers, in addition to others discussed *infra*, who were employed by Defendants during the period covered by

Smith—August 8, 2021. Compl. ¶¶ 19-23; *see also Hamilton*, Case No. 5:21-cv-01859-MEMF-SP, Dkt. No. 164; *Martinez*, Case No. 5-21-cv-00572-MEMF (SPx), Dkt. No. 1-1 ¶¶ 20-22 (proposing a class consisting of "[a]ll current or former California drivers employed by Defendants from Apri1 6, 2016 until the entry of judgment other than those drivers whose wage and hour claims were released in private settlements"); *Lindsey*, Case No. 5:25-cv-00328-MEMF-SP, Dkt. No. 1-1 ¶¶ 2-3 (same).

Smith also contends that he seeks to represent "all current and former non-exempt employees" who worked for Defendants "at any time during the period from four years preceding the filing of [his] Complaint," Compl. ¶¶ 20-22, and thus, his class claims are not limited to truck drivers. Opposition at 1, 7-9. But Smith himself was a driver. Thus, his individual claims are collectively covered by *Hamilton* and *Martinez*, as set forth below. Notably, *Hamilton* seeks to represent all former and current Drivers employed by Knight Transportation and Knight Port Services within the State of California since November 2, 2017. *Hamilton*, Case No. 5:21-cv-01859-MEMF-SP, Dkt. No 1-1 ¶ 33. As Smith was employed by Defendants as a commercial truck driver in 2023, Smith falls within the *Hamilton* class. Compl. ¶¶ 24-25; Reply at 6. At the April 9, 2026, hearing, Smith did not contest that he was a commercial truck driver employed by Defendants, and Smith has provided no authority substantiating the position that he may oppose the first to file rule on the basis that other members in his purported class—whose employment and disputes differ from his—may have claims that are not covered by the prior actions. As stated by the Court at oral argument, staying *Smith's* case does not have any affect on the non-driver employees that Smith's complaint seeks to cover.

Lastly, it is unclear to the Court whether there is a material distinction between the additional six defendants and Knight Transportation, Inc. Opposition at 7; Reply at 7-8. In *Kohn*, the court emphasized that the parties between actions need not be identical and cautioned against the potential gamesmanship "to skirt the first to file rule" by adding or omitting parties. 787 F.3d at 1240. Although Smith is not a class representative in the prior actions, as detailed, Smith's claims are substantially similar and covered by the related actions and he has not shown that he may assert a broader class involving disparate individuals from him to defeat the first to file rule. Reply at 6.

Notably, the putative class in *Hamilton* has already been certified by the Court and thus, Smith who is a putative class member in *Hamilton*, will have Smith's interests adjudicated therein. *Hamilton*, Case No. 5:21-cv-01859-MEMF-SP, Dkt. No. 164 (certifying "[a]ll former and current Drivers employed by Defendants within the State of California who were not paid for all hours worked, at any time within four years prior to the filing of this lawsuit until the present date" and "[a]ll former and current Drivers employed by Defendants within the State of California who were not furnished with accurate wage statements, at any time within four years prior to the filing of this lawsuit until the present date").

Smith also points to the Court's denial in *Hamilton* related to the cell phone reimbursement and wage statement subclasses, Opposition at 7-9 (citing to the fact that the Court, in *Hamilton*, "denied certification of the cell phone reimbursement subclass and limited the wage statement subclass"), to argue that this action this action advances claims "on behalf of individuals who may not be included in any of the prior actions." *Id.* But the Court's denial was based on the finding that individualized inquiries would predominate over common questions. *Hamilton*, Case No. 5:21-cv-01859-MEMF-SP, Dkt. No. 155 at 18-22. *Kohn* holds that where there is a substantial overlap regarding issues litigated between actions, the first to file rule applies. 787 F.3d at 1240. So the denial in *Hamilton* does not limit the first to file rule due to its substantial overlap.

Further, other courts, in class actions, compare the classes, looking at overlapping class members and interests. *See Frank v. Yardi Sys. Inc.*, 2024 WL 5402339, at *3–*7 (C.D. Cal. Dec. 11, 2024) ("Courts ask whether 'the core nucleus of the parties' is the same and whether any 'additional defendants are substantially tied thereto.'" (quoting *Prime Healthcare Servs., Inc. v. Serv. Emps. Int'l Union*, No. 14-cv-3831-YGR, 2014 WL 5422631 at *3 (N.D. Cal. Oct. 24, 2024)); *Torres v. Segway, Inc.*, No. 25-cv-05005-BLF, 2026 WL 311504 at *5–*6 (N.D. Cal. Feb. 5, 2026) (finding substantially similar parties where the proposed classes included overlapping individuals); *Del Toro v. Crown Labs., Inc.*, No. 8:24-cv-00573-JVS-JDE, 2024 WL 5413657, at *3–*4 (C.D. Cal. June 27, 2024) (finding similar parties where "the present action seeks to represent most, if not all, of the same individuals" in the other action); *Variscite, Inc. v. City of Los Angeles*, No. 2:22-cv-08685-SPG-SK, 2023 WL 3493557, at *10–*12 (C.D. Cal. Apr. 11, 2023) (finding that identical

parties are not required if the same interests are represented). As it appears, the purported class in this action is substantially similar to the certified class in *Hamilton*. *Kohn*, 787 F.3d at 1240. Taken together, the parties are substantially similar, and the first to file rule is not inapplicable on this basis.

Third, Smith's allegations, and the theories behind Smith's claims, are articulated in *Martinez*, *Hamilton*, and *Lindsey*. In all four actions, the plaintiffs allege that Defendants failed to provide accurate itemized wage statements, comply with Business and Professions Code § 17200 *et seq.*, reimburse business expenses, and pay wages upon termination/separation. *Hamilton*, Case No. 5:21-cv-01859-MEMF-SP, Dkt. No. 74; *Martinez*, Case No. 5-21-cv-00572-MEMF (SPx), Dkt. No. 1-1; *Lindsey*, Case No. 5:25-cv-00328-MEMF-SP, Dkt. No. 1-1; Compl. In *Lindsey*, *Martinez*, and this action, the plaintiffs allege that Defendants failed to pay minimum wages. *Martinez*, Case No. 5-21-cv-00572-MEMF (SPx), Dkt. No. 1-1; *Lindsey*, Case No. 5:25-cv-00328-MEMF-SP, Dkt. No. 1-1; Compl. And in this action and *Martinez*, the plaintiffs state that Defendants failed to pay overtime wages, provide meal periods, and permit rest breaks. *Martinez*, Case No. 5-21-cv-00572-MEMF (SPx), Dkt. No. 1-1; Compl. Lastly, *Lindsey* and this action argue that Defendants failed to maintain records.[5] *Lindsey*, Case No. 5:25-cv-00328-MEMF-SP, Dkt. No. 1-1; Compl.

Smith contends that certain statutory claims have not been certified by the *Hamilton* class. Opposition at 9 (citing California Labor Code §§ 1174(d), 226.7, 512(a), 1194, 1197, 1197.1). Smith, however, fails to address the claims covered in *Lindsey* and *Martinez* which include the cited statutory claims except for Section 1174(d). *Martinez*, Case No. 5-21-cv-00572-MEMF (SPx), Dkt. No. 1-1; *Lindsey*, Case No. 5:25-cv-00328-MEMF-SP, Dkt. No. 1-1. And as stated in *Kohn*, the analysis is not whether prior actions include identical claims, it is whether prior actions are "substantially similar." *Kohn*, 787 F.3d at 1240. Further, class certification decisions in *Lindsey* and *Martinez* have not been made yet. Because both actions preceded this action, certification of the remaining claims is viable. Reply at 9-11. And *Martinez* is currently active given that *Hamilton*'s

[5] Smith argues that *Lindsey* should not be considered in the first to file rule analysis because it is currently in state court. Opposition at 3-4. *Alltrade* holds that the first to file rule applies when "a similar complaint has already been filed in another federal court." 946 F.2d at 623. *Alltrade* did not conclude that a remanded case renders a previously filed complaint before a federal court irrelevant to the first to file rule analysis. As such, the Court considers the *Lindsey* complaint in this Order.

class certification lifted the stay. *Id.* at 11. In sum, Smith's causes of action are substantially similar to the claims covered by *Martinez*, *Hamilton*, or *Lindsey*.

Despite the *Hamilton* certified class not fully encompassing Smith's claims, the certified class is inclusive of the principal rights that Smith seeks to advance. *Kohn*, 787 F.3d at 1240; Motion at 8; Reply at 9-11. Thus, under *Kohn*, the actions involve substantially similar issues. Because the Court finds that Smith's claims are collectively covered, the first to file rule is applicable.

In holding that the first to file rule applies, the Court must then decide whether, under the first to file rule, the Court should transfer, stay, or dismiss this action. Dismissal is most appropriate when there is no risk that the claims or issues will not be fully covered by the earlier action. *See Pacesetter Systems*, 678 F.2d at 97 (affirming dismissal); *see also Alltrad*, 946 F.2d at 628–29 (noting that jurisdictional uncertainty regarding the outcome of the first-filed case "counsels against outright dismissal"). Smith posits that Defendants have not demonstrated hardship it would endure if this action proceeded and there's a risk that the claims uncertified in *Hamilton* will not be adjudicated in the prior actions. Opposition at 9-12. But as stated above, the uncertified and certified claims and issues are substantially covered by *Martinez*, *Hamilton*, and *Lindsey*. And as argued by Defendants, allowing this action to proceed will force Defendants to engage in duplicative discovery and motion practice—increasing litigation costs. Motion at 17, 21-22; Reply at 11-12. As a result, the Court finds that the risk that Smith's claims will not be fully adjudicated on their merits to be minimal.

In the case of putative class actions, however, the fact that the claims are nearly the same and the class definition is substantially the same does not mean that the cases will be litigated in precisely the same way. Opposition at 10. In fact, the Federal Rules acknowledge this and obligate a court to consider the adequacy of representation of the class representatives before certifying a class. Fed. R. Civ. P. 23(a)(4); *see also* Wright & Miller, Federal Practice and Procedure § 1833 (3d ed. 2025). This suggests that—contrary to Defendants' argument—there may be a purpose served by Smith being permitted to continue prosecution of his case.

Accordingly, these considerations persuade this Court that rather than dismiss this action, this Court should stay the case in light of the advanced posture and overlapping claims in the related proceedings.

**B. This Action Should Be Stayed in Light of the Related Proceedings.**

Defendants assert that if the Court finds that a dismissal is inappropriate, then this action should be stayed pending the outcome of *Martinez*, *Hamilton*, or *Lindsey* pursuant to the Court's inherent authority or the *Colorado River* doctrine. Motion at 16, 19-22. For the foregoing reasons, the Court holds that a stay is warranted.

i. Inherent Authority

Defendants claim that the principles set forth in *Landis* renders a stay appropriate because Smith's allegations are subsumed by the prior actions. Motion at 21-22. Smith opposes, stating that a stay would prejudice Smith because none of the prior actions "will fully resolve [Smith's] claims." Opposition at 13-14.

Here, under Supreme Court and Ninth Circuit authorities, the Court has the discretion to manage its own docket and stay a matter where there are related proceedings. *Landis*, 299 U.S. at 254; *Leyva*, 593 F.2d at 863; *CMAX, Inc.*, 300 F.2d at 268. The Court, in *Martinez*, already exercised its discretion to stay *Martinez* pending resolution of *Hamilton*'s class certification. *Martinez*, Case No. 5-21-cv-00572-MEMF (SPx), Dkt. No. 74. Considering the interests, hardships, and equities involved in this action, the Court holds that a stay is substantiated.

First, the damage to Smith—the non-moving party—is minimal. Motion at 18; Reply at 12-13. Smith will not be subject to additional litigation expenses, and the putative class is already certified and represented in the *Hamilton* action. *Hamilton*, Case No. 5:21-cv-01859-MEMF-SP, Dkt. No. 164. Smith reemphasizes Smith's arguments that the uncertified claims in *Hamilton* and a subsequent stay of this action would deprive Smith of an opportunity to adjudicate those claims. However, as detailed above, Smith claims are substantially covered by the prior actions, and she has the opportunity to pursue individual claims separately. Second, the burden to Defendants is substantial as it will have to defend against a nearly identical action, resulting in increased costs related to potentially duplicative motion practice and discovery. Motion at 17, 21-22; Reply at 12. If

Smith's action was allowed to proceed, Defendants would be forced to litigate four actions—all involving similar parties, issues, and legal theories. To maintain judicial efficiency and prevent Defendants from repetitive litigation, the Court finds that this consideration favors a stay. Reply at 13. And because Smith's claims are significantly covered by *Hamilton*, with any remaining issues covered by *Martinez* and *Lindsey*, staying this action will simplify the issues by reducing the relitigating of identical claims and potential inconsistent rulings. As a result, the Court exercises its discretion, under its inherent authority, to stay this action. *Landis*, 299 U.S. at 254; *Leyva*, 593 F.2d at 863; *CMAX, Inc.*, 300 F.2d at 268.

ii. *Colorado River* Doctrine

Defendants also claim that the *Colorado River* doctrine supports a stay. Motion at 19. Defendants point to the *Lindsey* state court action, filed on December 5, 2024, and discusses how similar wage and hour claims involving the same putative class and class period are present. Motion at 20; *Lindsey*, Case No. 5:25-cv-00328-MEMF-SP, Dkt. No. 1-1. Smith responds that exceptional circumstances do not exist for the Court to exercise the *Colorado River* doctrine.[6] Opposition at 12-13.

As the *Lindsey* state court action and Smith's suit appear to be parallel state and federal pending proceedings, the Court will address the *Colorado River* factors. The Court, in applying the factors under the *Colorado River* doctrine, finds that a stay under this doctrine is unwarranted. *Holder*, 305 F.3d at 870.

First, the San Bernardino County Superior Court exercised jurisdiction over the *Lindsey* action prior to the removal to federal court. *Id.* Second, as detailed above, allowing both actions to proceed may result in duplicative discovery and motion practice, as well as inconsistent rulings. The parties would also suffer increased litigation costs surrounding similar issues. Motion at 20. Third, the San Bernardino County Superior Court is an adequate forum to address the similar theories and

---

[6] Smith also asserts that because Defendants concede that *Lindsey* is subsumed by *Martinez* and *Hamilton*, Defendants "cannot simultaneously argue that *Lindsey* is redundant of the federal actions and also that it constitutes the kind of advanced, comprehensive parallel state proceeding that warrants *Colorado River* deference." Opposition at 13 (emphasis added). Smith's argument is misplaced as the focus of the *Colorado River* doctrine is on parallel state and federal proceedings—*Lindsey* and this action. The Court finds the comparisons to *Martinez* and *Hamilton* irrelevant as they are not the federal action in question.

claims. But, unlike *Lindsey*, Smith alleges: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to permit rest periods; and (4) failure to maintain records. *See* Compl.; *Lindsey*, Case No. 5:25-cv-00328-MEMF-SP, Dkt. No. 1-1. As there are numerous claims advanced by Smith that will not be covered by the *Lindsey* state action, the state court proceeding appears to be inadequate to protect Smith's rights. Although the *Lindsey* action preceded Smith's suit, the Court concludes that the *Colorado River* factors weigh against staying the action. *Holder*, 305 F.3d at 870.

In sum, although the *Colorado River* doctrine does not warrant a stay, the Court finds that this action should be stayed pursuant to the Court's inherent authority.

**C. Leave to Amend is Warranted.**

Under Rule 15(a), leave to amend "shall be freely given when justice so requires." *Lopez v. Smith*, 203 F.3d 11222, 1127 (9th Cir. 2000). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130. Thus, leave to amend is denied only where allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Smith argues that if the Court were to dismiss or stay the action, Smith should be permitted leave to amend the Complaint. Opposition at 15. Smith, however, does not identify or explain how he would amend the Complaint. *See id.* At the April 9, 2026 hearing, the Court indicated its concern as to whether it is possible Smith could specify the distinction in parties and claims. Smith represented that he could amend to discuss relevant facts regarding the wage and hour claims pertaining to non-truck driving employees—the broader class Smith seeks to represent. *See* Opposition at 1; Compl. ¶¶ 20-22. But the Court finds that the proposed amendments to be futile on this Motion, particularly given that it would not alter the Court's determination that Smith's claims are covered by the prior actions and Smith may not assert a broader class involving disparate class members to defeat the first to file rule. Therefore, the Court denies Smith's request for leave to amend.

## IV. Conclusion

For the foregoing reasons, the Court ORDERS as follows:

1. The Motion to Dismiss (Dkt. No. 27) is DENIED.
2. The Motion to Stay (Dkt. No. 27) is GRANTED.
    a. This action shall be STAYED[7] pending the resolution of *Raul Martinez and Philippe Vieux v. Knight Transportation, Inc.*, Case No. 5-21-cv-00572-MEMF (SPx), *Bennie Hamilton, et al. v. Kold Trans, LLC et al*, Case No. 5:21-cv-01859-MEMF-SP, and *Karnette Lindsey v. Knight Transportation Inc*. et al, Case No. 5:25-cv-00328-MEMF-SP.

IT IS SO ORDERED.

Dated: August 7, 2026

HON. WESLEY L. HSU
United States District Judge

[7] At oral argument, Defendants' counsel argued that they could successfully bring a partial motion for summary judgment/summary adjudication pursuant to *Int'l Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Admin.*, 986 F.3d 841 (9th Cir 2021). This stay does not apply to such a motion.